**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

IN RE:

**MID-ATLANTIC RHEUMATOLOGY, LLC**

                                    **Case No. 25-10845
Chapter 11, Subchapter V**

        **Debtor**

**DEBTOR'S APPLICATION FOR AN ORDER, UNDER 11 U.S.C. §327(a) AND FED. R.
BANKR. P. 2014, AUTHORIZING RETENTION AND EMPLOYMENT OF
DANIEL A. STAEVEN AND FROST & ASSOCIATES, LLC AS COUNSEL**

Mid-Atlantic Rheumatology, LLC. (the "Debtor") in the above-captioned case, Debtor in this case, hereby applies to the Court for entry of an order authorizing the Debtor to retain and employ Daniel A. Staeven and Frost & Associates, LLC (collectively, hereinafter "Frost"), as their bankruptcy counsel and litigation counsel, pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code"). 11 U.S.C. § 327(a). In support of its application, the Debtor respectfully represents as follows:

**BACKGROUND**

1.      On January 31, 2025 (the "Petition Date"), the Debtor filed their Voluntary Petition for relief under Chapter 11, Subchapter V, of the bankruptcy code.

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**BASIS FOR RELIEF**

3.      The statutory bases for the relief requested herein are 11 U.S.C. § 327 and Rule 2014

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The Debtor's principal place of business is 231 Najoles Road, Suite 160, Millersville, Maryland 21108 (the "Business Address").

5. The Debtor treats a wide range of musculoskeletal issues, including gout, osteoarthritis, and osteoporosis. The Debtor specializes in treating autoimmune diseases such as lupus, Sjogren's, systemic sclerosis, IgG-4 disease, polymyalgia rheumatica, temporal arteritis, polymyositis, dermatomyositis, and vasculitis.

6. By this Application, the Debtor seeks authority to employ Frost as its bankruptcy counsel to represent it in connection with this Chapter 11 proceeding. The Debtor selected Frost because the firm has considerable experience in Chapter 11 bankruptcy cases and the issues related to this particular case. Frost agreed to represent the Debtor on the terms outlined in this Application.

## Services to be Provided

7. The professional services the Debtor asks Frost to provide include, but are not limited to:

a. To prepare bankruptcy petitions, schedules, and financial statements for filing;

b. To provide the Debtor with legal advice with respect to their powers and duties pursuant to the Bankruptcy Code;

c. To prepare on behalf of the Debtor all necessary applications, answers, orders, reports, and other legal papers;

d. To assist in analyses and representation with respect to lawsuits to which the Debtor are or may be a party;

e. To negotiate, prepare, file and seek approval of a plan of

reorganization;

f.　　To represent the Debtor at all hearings, meetings of creditors and other proceedings; and

g.　　To perform all other legal services for the Debtor which may be necessary to serve the best interests of the Debtor and their bankruptcy estate in this proceeding. Such services may include, at the Debtor's request, legal representation with respect to litigation, securities, transactional, tax and other matters, and Chapter 7 liquidation.

8.　　The Debtor believes it necessary to employ experienced bankruptcy counsel for such professional services. Because of the extensive legal services required, the debtor desires to employ Daniel A. Staeven and Frost under a general retainer.

### Frost's Qualifications

9.　　Frost is a law firm of over 25 attorneys and engages in the practice of law in substantive areas, including bankruptcy/creditors' rights, corporate, litigation, tax collection and controversy, international tax, and estate planning. Because of Frost's expertise in bankruptcy matters, together with Frost's prior representation of the Debtor and its knowledge regarding the Debtor's personal matters, the Debtor believes that Frost is well qualified to represent the Debtor in the matters described above and that Frost's employment is in the best interest of the Debtor, its creditors, and its estate.

### Representation of the Debtor

10.　　As of the Retention Date, Frost's work for the Debtor restructuring, workout negotiations, and bankruptcy advice.

**Frost's Compensation**

11.     In connection with retaining Frost as their bankruptcy counsel, the Debtor paid Frost an advance retainer of $20,000.00 (the "Retainer"). The Retainer was placed in escrow pending filing of the case and removal of pre-bankruptcy fees and costs of filing.

12.     Frost is holding the balance of the Retainer in escrow in the amount of $5,141.00 pending the Court's authorization and approval of this Application. If this Application is not granted and if the payment of the Retainer to Frost is not approved, Frost has agreed to return the Retainer to the Debtor, and Frost will have no obligation to represent the Debtor in this case. If Frost is authorized to be employed and the payment of the Retainer to it is approved, Frost has agreed to apply the Retainer to its fees and the reimbursement of its expenses, under procedures approved by the Court. The Debtor agrees that Frost may apply the Retainer to fees and expenses as incurred, subject to applicable bankruptcy law and practice. The Debtor agree that if the legal fees, costs and charges of these bankruptcy services exceed the Retainer, the Debtor will pay the normal hourly rate charged to bankruptcy clients of the firm for ordinary legal services and reimburse for costs and charges under procedures approved by the Court.

**Disclosures of Frost**

13.     To the best of the Debtor's knowledge, except as set forth in the attached Declaration, Frost (i) neither represents nor holds any interest adverse to the Debtor or their estate; (ii) has no connection with the Debtor, their creditors or any other party-in-interest or its respective attorneys and accountants, or with the Chapter 11 Subchapter V Trustee, United States Trustee for this District or any person employed in his office, and (iii) is a disinterested party, as that term is defined in section 101(14) of the Bankruptcy Code. Accordingly, the Debtor believes that the employment of Frost as its bankruptcy counsel is in the best interest of the Debtor, its creditors and its estate.

## Notice

14.     No Chapter 11 Subchapter V Trustee has been appointed yet. Notice of this Application has been provided to the United States Trustee and parties on the Debtor's creditors matrix. The Debtor submits that such notice is appropriate and adequate in the circumstances, and no further notice is necessary.

**WHEREFORE**, for these reasons, the Debtor respectfully requests that they be authorized to retain and employ the law firm of Frost under a general retainer to represent it as bankruptcy counsel in this proceeding and that they be granted such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: January 31, 2025

By:     /s/ Erinn Maury, MD
          Erinn Maury, Managing Member

          *Mid-Atlantic Rheumatology, LLC.*