**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | **Case No.: 25-10845** |
| **MID-ATLANTIC RHEUMATOLOGY, LLC** | * | |
| | * | **Chapter 11 (Subchapter V)** |
| Debtor(s) | * | |

**DEBTOR'S EMERGENCY MOTION FOR**
**AUTHORIZATION TO PAY CERTAIN**
**PREPETITION WAGES, SALARIES, AND OTHER**
**COMPENSATION**

Mid-Atlantic Rheumatology, LLC, (the "Debtor and Debtor-in-Possession"), in the above-styled Chapter 11, Subchapter V case, by and through counsel, files this Emergency Motion for Authorization to pay prepetition wages, salaries and other compensation (the "Motion"), and in support thereof states:

**Jurisdiction**

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief sought in this Motion is based upon § 105(a) of Title 11 of the United States Code (the "Bankruptcy Code").

**The Chapter 11 Case**

3.      On January 29, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Specifically, the Debtor seeks relief under Subchapter V of Chapter 11, the Small Business Reorganization Act ("SBRA"). The Debtor continues to operate its business and manage its assets as debtor-in-possession pursuant to sections 1107(a), 1108 and 1184 of the Bankruptcy Code.

4.      The Debtor's principal place of business is 231 Najoles Road, Suite 160, Millersville, Maryland 21108 (the "Business Address").

5.      The Debtor treats a wide range of musculoskeletal issues, including gout, osteoarthritis, and osteoporosis. The Debtor specializes in treating autoimmune diseases such as lupus, Sjogren's, systemic sclerosis, IgG-4 disease, polymyalgia rheumatica, temporal arteritis, polymyositis, dermatomyositis, and vasculitis.

6.      As of the Debtor's last payroll, the Debtor employs 19 employees.

## Relief Requested

7.      By this Motion, the Debtor seeks authority to pay certain prepetition obligations for the benefit of the Debtor's employees to the time wages were paid by the Debtor.

## Wages and Salaries

8.      The Debtor's employees were last paid on January 24, 2025. As a result of the payroll due, the Debtor's employees are owed accrued but unpaid compensation for services rendered from January 17, 2025, through January 30, 2025. This payroll is payable on February 7, 2025.

9.      Additionally, the Debtor's employees are due through January 31, 2025, to be paid on February 7, 2025.

10.     The approximate aggregate prepetition accrued but unpaid gross compensation, including estimated employer payroll taxes and other incidental benefits, totals $65,178.96 (the "Unpaid Compensation"). The Unpaid Compensation is an estimated amount and generally is based upon the Debtor's previous payroll.

11.     The continued loyalty of the Debtor's employees is necessary to allow for a successful reorganization. In the period immediately following Chapter 11, Subchapter V, filing

is stressful and uncertain for the debtor's employees. Such circumstances threaten employee morale when a debtor most needs its employees' loyalty. Moreover, some employees live paycheck to paycheck and would be devastated by not receiving their full compensation.

12.     Accordingly, to minimize employee hardship and prevent wholesale loss of critical employees, the Debtor seeks to continue to pay employee compensation in the ordinary course.

13.     Based upon the Debtor's records for a standard pay period, no employee is owed Unpaid Compensation exceeding the $12,850.00 priority established under section 507(a)(3) of the Bankruptcy Code. Attached hereto as Exhibit A is a list of the employees and approximate amounts the Debtor proposes to pay. The total amount is $65,178.96. There will be no potential prejudice to any party in interest from payment of the Unpaid Compensation because the employees' pre- petition wages are entitled to priority.

14.     Pursuant to Section 363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment "doctrine, the Debtor seeks authority to pay their outstanding Unpaid Compensation. Section 363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

11 U.S.C. § 363(b)(1). Section 105(a) further provides in pertinent part:

> "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a). Accordingly, this Court is authorized to grant the relief requested.

15.     The Debtor's inability to pay the outstanding Unpaid Compensation would cause employees to endure significant stress and hardship and could adversely impact the Debtor's reorganization.

16. The Debtor's employees are essential to a successful reorganization. Deterioration in employee morale and welfare at this critical time would harm the Debtor, the value of its assets and business and, ultimately, the Debtor's ability to reorganize. Accordingly, the relief sought is in the best interests of the Debtor's estate and its creditors and would enhance the Debtor's ability to continue to operate their business with minimal disruption.

**WHEREFORE**, the Debtor respectfully requests entry of the attached Order to the dates of payment of the Unpaid Compensation, and such other and further relief as this Court may deem just and proper.

Dated: January 31, 2025                    Respectfully Submitted,


*/s/ Daniel A. Staeven, Esq.*
Daniel A. Staeven, Esq.
(Bar No. 27662)
FROST LAW
839 Bestgate Road, Suite 400
Annapolis, MD 21401
410-497-5947
Daniel.Staeven@frosttaxlaw.com

*Attorney for Debtor*
*Mid-Atlantic Rheumatology, LLC*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on January 31, 2025, I mailed or caused to be mailed postage prepaid by first class mail to court's mailing matrix the Emergency Motion for Authorization to Pay Certain Pre-Petition Wages, Salaries, and other Compensation and supporting documents and to the CM/ECF list below:

**25-10845 Notice will be electronically mailed to:**

Daniel Alan Staeven daniel.staeven@frosttaxlaw.com,
daniel.staeven@frosttaxlaw.com,
21029@notices.nextchapterbk.com,
23296@notices.nextchapterbk.com,
margaret.johnson@frosttaxlaw.com,
uriel.stern@frosttaxlaw.com,
amy.mckay@frosttaxlaw.com

US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV

**25-10845 Notice will not be electronically mailed to:**

Debtor(s): Mid-Atlantic Rheumatology, LLC

*/s/ Daniel Alan Staeven*