**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

IN RE:

MID-ATLANTIC RHEUMATOLOGY, LLC

            Debtor

Case No. 25-10845
Chapter 11, Subchapter V

---

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO REJECT A CERTAIN UNEXPIRED CONTRACT OF OI INFUSION SERVICES, LLC, NUNC PRO TUNC TO THE PETITION DATE**

    **NOW COME** Mid-Atlantic Rheumatology, LLC, Debtor and Debtor-in-Possession, by and through above stated counsel, and hereby submit this motion for the entry of an order pursuant to sections 105(a), 365(a), and 554(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.,* authorizing, but not directing, the Debtors to (i) reject the certain unexpired contract for infusion services (the "Rejected Contract") with OI Infusion Services, LLC, ("OI Infusion") effective as of the Petition Date (as defined below).

    In support of this Motion, the Debtors respectfully state as follows:

### *Jurisdiction and Venue*

1.     This Court has jurisdiction over this Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case is pending in this court. To the extent this Court may lack the authority to enter a final judgment in this matter pursuant to the holdings in *Stern v. Marshall*, 564 U.S. 462 (2011) and *Wellness International Network, Ltd. v. Sharif,* 575 U.S 665 (2015), and pursuant to Rule 7008(a), Applicant consents to this Court's entry of a final judgment.

2.     The statutory and legal predicates for the relief requested herein are sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules Rule 6006-1 and 6007-1 (the "Local Rules").

### *Background*

3.     On the Petition Date, January 31, 2025, the Debtor commenced a voluntary case under Chapter 11, Subchapter V of the Bankruptcy Code. The Debtor is authorized to continue to

operate their business and manage their property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner or statutory committee has been appointed.

4.      Before this case was filed, the Debtor was in negotiations with OI Infusion to continue using their services, but the talks broke down. The Debtor had corporate counsel, Nan Gallagher, send correspondence to OI Infusion on January 24, 2025 to terminate the contract. The Debtor commenced this case to, among other things, implement an orderly reorganization of this business under the Bankruptcy Code.

5.      Given the Debtor's intention to reject the Rejected Contract and the Debtor's significant loss of income, the Debtor determined that they no longer needed to maintain the Rejected Contract after the Petition Date. Accordingly, the Debtor's management determined, in consultation with their advisors, that the costs and burdens associated with the Rejected Contract outweigh the benefits. Furthermore, the Debtors have determined in their business judgment that it is in their best interests to reject the Rejected Contract, effective as of the Petition Date, thereby avoiding the incurrence of additional expenses that provide no material benefit to the Debtor and the estate during the Chapter 11, Subchapter V case.

### Relief Requested

6.      By this Motion, and in order to preserve and maximize the value of the estate, the Debtor seeks to reject the Rejected Contract, as of the Petition Date, as the Debtor has determined that the Rejected Contract is no longer integral to the Debtor's Chapter 11, Subchapter V efforts, is not otherwise beneficial to the Debtor's estate, and presents burdensome liabilities. Considering the Debtors' efforts to preserve and maximize the value of the estate and to avoid incurring costs and expenses that are no longer integral to the Debtor's business operations and their Chapter 11, Subchapter V efforts, the Debtor submits that this related relief is necessary and appropriate.

### Basis for Relief

I.      REJECTION OF THE REJECTED CONTRACT NUNC PRO TUNC TO THE PETITION
        DATE REFLECTS THE DEBTORS' SOUND BUSINESS JUDGMENT

7.      Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired contract of the debtor." As courts have held, "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)).

8.      The standard applied to determining whether the rejection of an unexpired contract should be authorized is the "business judgment" standard. *See In the Matter of Tilco, Inc.,* 558 F.2d 1369 (10th Cir. 1977). Once a debtor states a valid business justification, "The business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.),* 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom,* 488 A.2d 858, 872 (Del. 1985)).

9.      The business judgment rule is crucial in Chapter 11, Subchapter V cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.,* 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions"). Generally, courts defer to a debtor-in-possession's business judgment to reject a contract. *See, e.g., NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 523 (1984); *In re Minges,* 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio,* 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.,* 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

10.     Upon finding that the Debtors have exercised their sound business judgment in determining that rejection of the Rejected Contract is in the best interests of the Debtors and the estate, the Court should approve the proposed rejections under section 365(a) of the Bankruptcy Code. *See, e.g., Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.),* 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *see also Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired contract. *See, e.g., Sharon Steel Corp.,* 872 F.2d at 39–40.

11.     As an integral component of their efforts to preserve and maximize the value of the estate and reduce their potential administrative costs in this Chapter 11, Subchapter V case by, among other things, eliminating unnecessary costs, the Debtor has determined, in their business judgment, that the Rejected Contract is burdensome and provides no economic value to the estate. Because the Rejected Contract was used for supplies to the Debtor and the Debtor does not want to work with them again the Rejected Contract serves no go-forward purpose for the Debtor and expenses incurred in connection therewith would drain the Debtor's estate and hinder their Chapter 11, Subchapter V reorganization efforts. The Debtor also believes that any continued expense in

maintaining the Rejected Contract and attempting to market such agreement would likely outweigh, if not eclipse, any benefit in attempting to identify a potential acquirer of the Rejected Contract and unnecessarily deplete assets of the Debtors' estate, to the detriment of creditors. In contrast, rejection of the Rejected Contract will represent a significant monthly cost savings to the Debtor's estate moving forward.

12. To avoid paying any unnecessary expenses related to the Rejected Contract, the Debtor seeks to reject the Rejected Contract *nunc pro tunc* to the Petition Date. Courts in other jurisdictions have routinely authorized a debtor's retroactive rejection of unexpired contracts. *See In re Chi-Chi's, Inc.,* 305 B.R. 396, 399 (Bankr. D. Del. 2004); *see also In re Fleming Cos., Inc.,* 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection *nunc pro tunc* permitted to the date of the motion or the date the premises surrendered). Here the premises were surrendered prior the Petition Date with the final date for turnover of the Premises and Abandoned Property on the Petition Date.

13. The facts in this Chapter 11, Subchapter V case and the balance of the equities favor the Debtor's rejection of the Rejected Contract *nunc pro tunc* to the Petition Date. Without a retroactive date of rejection, the Debtors may incur administrative charges that are unnecessary to their operations or the Debtor's Chapter 11, Subchapter V efforts to reorganize. Moreover, the Landlord will not be unduly prejudiced if the Rejected Contract is rejected *nunc pro tunc* to the Petition Date because the Premises were abandoned by notice prior the Petition Date, and, in conjunction therewith, indicated that they were unequivocally surrendering possession to the Landlord as of such date. Therefore, based on the Debtor's need to eliminate potential administrative claims against the estate, and to avoid the potential accrual of any further obligations under the Rejected Contract, the Debtors respectfully submit that the retroactive rejection of the Rejected Contract as of the Petition Date is appropriate.

14. In light of the foregoing facts and circumstances, the Debtor respectfully submits that their rejection of the Rejected Contract under section 365(a) of the Bankruptcy Code, nunc pro tunc to the Petition Date, is a sound exercise of their business judgment and is necessary, prudent, and in the best interests of the Debtors, the estate, and their *creditors*.

Accordingly, entry of the proposed form of order is appropriate.

### *Reservation of Rights*

15. The Debtor may have claims against the OI Infusion arising under, or independently of, the Rejected Contract. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Contract. Nothing contained herein is intended to be or should be construed as an admission of the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any claim, and nothing shall prejudice any party's rights to assert that the

Rejected Contract is not, in fact, executory within the meaning of section 365 of the Bankruptcy Code.

### *Notice*

16.     Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Maryland, Baltimore; (ii) holders of the ten (10) largest unsecured claims against the Debtor based on the Local Rules; (iii) OI Infusion; (iv) OI Infusion's representative and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### *Conclusion*

**WHEREFORE,** the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Date: January 31, 2025                              Respectfully Submitted,


                                                   */s/ Daniel A. Staeven*
                                                   Daniel A. Staeven
                                                   FROST LAW
                                                   839 Bestgate Rd. Ste. 400
                                                   Annapolis MD 21401
                                                   daniel.staeven@askfrost.com
                                                   *Counsel for Debtor*