**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| **IN RE:** | |
| **MID-ATLANTIC RHEUMATOLOGY, LLC** | **Case No. 25-10845** |
| | **Chapter 11, Subchapter V** |
| **Debtor** | |

**DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL ON AN INTERIM BASIS**

Mid-Atlantic Rheumatology LLC, the Debtor and Debtor-in-Possession (collectively the "Debtor"), by and through undersigned counsel, respectfully submits this Emergency Motion for Authorization to Use Cash Collateral on an Interim Basis, and in support of this Motion the Debtor states as follows:

**PRELIMINARY STATEMENT**

1.      The Debtor moves pursuant to Rule 4001(b)(2) and Rule 9006(c) of the Federal Rules of Bankruptcy Procedure for an expedited preliminary hearing on this Motion, and, at the conclusion of the preliminary hearing, for the Court to schedule a second hearing on the further use of Cash Collateral. Absent an expedited bearing on the use of Cash Collateral, Debtor is likely to suffer irreparable harm by its inability to pay necessary expenses for the continued operation, protection, and preservation of the assets of the bankruptcy estate.

2.      Cash Collateral in this case consists of income generated in the regular course of business from the post-petition operations of the Debtors business, a rheumatology medical practice. The income generated from the operations of Debtor is to be used for payment of necessary and appropriate operating expenses of the Debtor and administrative expenses in this case. With respect to such administrative expenses, Debtor requests authorization to pay administrative expenses (such as professional and appraisal fees) after approval by the Court or as

1

otherwise provided herein. Debtor seeks authority to provide adequate protection for the benefit of secured parties, as more fully described in this Motion.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334.

4.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and this is a core proceeding pursuant to 28 U.S.C §175(b)(2)(A).

## BACKGROUND

5.      On January 31, 2025, the Debtor filed a Voluntary Petition (the "Petition Date") for Relief under Chapter 11, Subchapter V of the Bankruptcy Code. The Debtor continues to own and manage its business and to conduct affairs as a Debtor-In-Possession.

6.      The Debtor has continued in the possession of its property and has continued to operate and manage its business as Debtor-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      Since the Petition Date, all business operations of the Debtor have been funded solely with the Pre-Petition Funds.

8.      As of the Petition Date, the Debtor was indebted to M & T Bank and ADS Specialty Healthcare LLC (known hereinafter as "Besse"), each asserting security interests in Cash Collateral (the "Pre-Petition Indebtedness").

9.      The Debtor seeks an Order authorizing it to use Cash Collateral, defined generally for purposes of this Motion as: (a) All post-petition income from operation of the business; and (b) Any pre-petition funds in the Debtor's bank accounts that the Court finds are subject to the security interests of M & T Bank and Besse(hereinafter collectively referred to as the "Cash Collateral"). The proposed use of Cash Collateral includes using income from the operation of the business to

pay the necessary and appropriate operating expenses of the business, adequate protection payments, and the administrative expenses of this case. The expenses Debtor proposes to pay from the Cash Collateral are necessary and important for the continued operation of the Property, for the protection of the bankruptcy estate, and for the proper administration of the estate.

10.     Debtor would use Cash Collateral for maintenance and preservation of the property of the estate and its other related assets and the payment of expenditures including wages, utilities, ordinary repairs and maintenance, insurance, license fees, necessary taxes and assessments related to the operation of the business, advertising expenses, management fees, payroll and other taxes, computer processing charges, payments of premiums and other expenses essential to maintain and operate the business property and the Debtor.

11.     The Debtor cannot continue operating, and it would cease to generate new Cash Collateral, unless these expenses are paid. By continuing the operation of the Debtor, the Debtor is informed and believes that it will be able to generate income, and as a result, the Debtor will continue to maintain itself as a going concern.

## BUDGET

12.     The Debtor has prepared a budget for its operations since the Petition Date and extending through February 28, 2025. A copy of the Budget is attached and incorporated herein as **Exhibit 1**.

13.     Of import are the circumstances that caused the necessity of the Debtor to file this case, the continued financial issues it has had since the case was filed, and the reasons why these circumstances are believed to be on the cusp of significant improvements.

3

**TERMS OF RELIEF**

14.     The use of Cash Collateral shall fund the Debtor's ordinary course of business operations.

15.     *Pre-Petition Funds*: On the Petition Date, the Debtor had three checking accounts at M & T Bank, Account No. xxx9513. The xxx9513 account held $354,218.21 on the Petition Date, and Sandy Spring Account No. xxx5401 account held $185,035.44. The total pre-petition funds are $539,253.65 (the "Pre-Petition Funds"). As previously noted, since the Petition Date, all business operations of the Debtor have been funded with the Pre-Petition Funds. M & T Bank and Besse have claims to the Pre-Petition Funds based upon their asserted security interests and filed UCC-1 Financing Statements("UCC").

16.     *Post-Petition Funds*: Since the filing of the case, the Debtor has received income from its client's and in the normal operation of the business. None of the Post-Petition Funds have been used to fund any post-petition business operations of the Debtor, and such funds are currently in the Debtor's business bank account.

17.     The Debtor seeks authority to use the Cash Collateral  subject to the Prepetition liens of M & T Bank and Besse in exchange for (i) granting adequate protection to the holders of the Prepetition Liens in the form of roll-over or replacement liens granting security to the same extent and with respect to the same assets as served as collateral for the Prepetition Indebtedness, to the extent the Cash Collateral is actually used, without the need of any further recordation to perfect such liens or security interests (the "Adequate Protection Liens"); and (ii) monthly cash payments to be paid as follows (the "Adequate Protection Payments"):

4

   a.  M & T Bank

- Amount Due: $198,565.02
- Due Date: The 15$^h$ of each month thereafter until maturity[1]
- Payment Amount: $3,500.00

   b.  Besse

- Amount Due as of 1/30/2025: 413,695.05
- Due Date: 1st of the month[2]
- Payment Amount: $15,000.00
- Interest: 18%

### LEGAL AUTHORITY

18.    As debtor-in-possession, other than the right of compensation, Debtor has the rights and powers of a trustee under § 1107(a). The debtor-in-possession may operate its business pursuant to § 1108. The debtor-in-possession may enter into transactions in the ordinary course of business and use property in the ordinary course of business (unless the Court orders otherwise). § 363(c)(1). The ability to so operate is conditioned when the assets are under lien(s) and there is Cash Collateral involved. The right to use Cash Collateral is authorized by § 363(c)(2), which provides that Cash Collateral may be used if each entity that has an interest in such Cash Collateral consents, or if the Court authorizes such use after notice and a hearing. Notwithstanding the objection of a party with an interest in the Cash Collateral, pursuant to § 363(e) the Court may authorize the use of Cash Collateral if the party with the asserted interest is provided with adequate protection for its interest in the collateral. Moreover, where the secured creditor's interest in the Cash Collateral is adequately protected, the policy and provisions of the Bankruptcy Code mandate the authorization of the use of Cash Collateral. See *MBank Dallas, NA. v. O'Conner* (In re O'Conner), 808 F.2d 1393 (10th Cir. 1987); *Chrysler Credit Corp. v. Ruggiere* (In re George Ruggiere Chrysler Plymouth, Inc.), 727 F.2d 1017 (11th Cir.1984).

---

[1] The Debtor will pay a payment of $3,500.00 on February 15, 2025 after the filing of the bankruptcy case.

[2] The Debtor will pay a payment of $15,000.00 starting on February 1, 2025 and each month thereafter.

19.     Bankruptcy Rule 4001(b) requires a final hearing on a motion for authorization to use Cash Collateral to be held on no less than 14-days' notice. The Rule permits the Court to conduct a preliminary hearing, prior to the expiration of the 14-day notice period, to consider authorizing the Debtor to use that amount of Cash Collateral as is necessary to avoid immediate and irreparable harm to the estate pending the final hearing.

## RESERVATION OF RIGHTS

20.     Nothing contained in this Motion is or should be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (e) otherwise affect the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Motion.

## NOTICE

21.     Notice of this Motion shall be given to (a) the U.S. Trustee; (b) the Subchapter V Trustee, (c) Counsel for M & T Bank and Besse,  and (d) any party required to be served under Bankruptcy Local Rules. Due to the nature of the relief requested herein, the Debtor submits that no other or further notice need be provided.

**WHEREFORE**, the Debtor respectfully requests that this Court:

A.     Authorize Debtor to use Cash Collateral subject to the Prepetition Liens on an emergency basis pursuant to the Emergency Budget, so as to meet basic operating costs of the Debtor, in exchange for granting (i) Adequate Protection Liens to holders of the Prepetition Liens in the form of roll-over or replacement liens granting security to the same extent and with respect

6

to the same assets as served as collateral for the Prepetition Indebtedness, to the extent the Cash Collateral is actually used, without the need of any further recordation to perfect such liens or security interests  and (ii)  Adequate Protection Payments to M&T Bank and Besse as outlined above; and

A. The relief requested is on an interim basis, with a reexamination of the Adequate Protection Payments to be made on or before February 28, 2025.

B. The Debtor prays that the Court grant an expedited hearing on its Motion for Authorization to Use Cash Collateral on an Interim Basis.

C. Grant such other and further relief as the Court may deem just and proper.

Date:   January 31, 2025

Respectfully Submitted,

*/s/ Daniel A. Staeven, Esq.*
Daniel A. Staeven, Esq.
(Bar No. 27662)
FROST LAW
839 Bestgate Road, Suite 400
Annapolis, MD 21401
410-497-5947
Daniel.Staeven@frosttaxlaw.com

*Attorney for Debtor*

7

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on January 31, 2025, I mailed or caused to be mailed postage prepaid by first class mail to court's mailing matrix the Emergency Motion for Use of Cash Collateral and supporting documents and to the CM/ECF list below:

**25-10845 Notice will be electronically mailed to:**

Daniel Alan Staeven daniel.staeven@frosttaxlaw.com,
daniel.staeven@frosttaxlaw.com,
21029@notices.nextchapterbk.com,
23296@notices.nextchapterbk.com,
margaret.johnson@frosttaxlaw.com,
uriel.stern@frosttaxlaw.com,
amy.mckay@frosttaxlaw.com

US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV

**25-10845 Notice will not be electronically mailed to:**

Debtor(s): Mid-Atlantic Rheumatology, LLC

*/s/ Daniel Alan Staeven*