Entered: February 6th, 2025
Signed: February 6th, 2025

## SO ORDERED

Based upon the representation of counsel for the Debtor at the hearing held on February 4, 2025, that M&T Bank and ADS Specialty Healthcare LLC ("Besse") consent to the interim relief provided for in this Order.



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

IN RE:

**MID-ATLANTIC RHEUMATOLOGY, LLC**

**Debtor**

**Case No. 25-10845**
**Chapter 11, Subchapter V**

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL ON AN INTERIM BASIS**

**UPON CONSIDERATION** of the Debtor's Emergency Motion for Authorization to Use Cash Collateral on an Interim Basis, any responses thereto, and any hearing conducted thereon, it is by this United States Bankruptcy Court for the District of Maryland,

**ORDERED** that the Motion is hereby **GRANTED**;

**ORDERED** that subject to subject to the provisions of this Order, the Debtor is authorized to use Cash Collateral, which means for the purposes of this Order, to pay: (a) amounts expressly authorized by this Court; (b) the current and necessary expenses set forth in the budget included in the Motion, plus an amount not to exceed

ten (10) percent for each line item; (c) the Adequate Protection Payments in the amount and on the dates stated in the Motion. This authorization will continue through February 28, 2025. Except as authorized in this Order, the Debtor is prohibited from use of Cash Collateral. However, expenditures in excess of the line items in the budget or not on the budget will not be deemed to be unauthorized use of Cash Collateral. Expenditures in excess of the line items in the budget or not on the budget may, nonetheless give rise to remedies in favor of the M&T Bank and Besse (collectively, the "Secured Parties").

**ORDERED** that the Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

**ORDERED** that upon reasonable notice, and provided that it does not unreasonably interfere with the business of the Debtor, Debtor shall grant to the Secured Parties access to the Debtor's business records and premise for inspection.

**ORDERED** that the Secured Parties shall have a perfected post-petition lien against all personal property of the Debtor, including after acquired property and Cash Collateral to the same extent with the same validity and priority as the prepetition lien, without the need to file or execute any document as otherwise be required under applicable non bankruptcy law.

**ORDERED** that the Debtor stipulates that (a) as of the Petition Date it was obligated, as of January 29, 2025, to M&T Bank, without defense, counterclaim, or offset of any kind, on a secured commercial line of credit loan (the "M&T LOC") for principal and interest in the amount of $200,459.43 (the "M&T LOC Obligations"), which is accruing interest at a rate of prime plus one percent (1.00%) per annum (currently 8.5% per annum); (b) the M&T LOC Obligations are secured by a lien (the "M&T Prepetition Lien") on all of the Debtor's personal property, including

after acquired property (the "M&T Prepetition Collateral"); and (c) the M&T LOC Obligations are valid, legal, binding, and non-avoidable.

**ORDERED** that in order to adequately protect M&T Bank's interest, (a) M&T Bank shall be granted a replacement lien (the "Adequate Protection Lien") in all personal property acquired post-petition by the Debtor (the "Post-petition Collateral") to the extent of the decrease in the value of the M&T Bank's interest in the Chapter 11 case, which Adequate Protection Lien shall be a valid perfected enforceable lien which shall be deemed filed and recorded as of the Petition Date; (b) the Debtor shall make a payment of $3,500 per month commencing on February 15, 2025 and continuing until the M&T Obligations are repaid in full; (c) and M&T Bank shall be granted, to the extent of the decrease in the value of M&T Bank's interests in the Chapter 11 Case, an allowed administrative claim against the Debtors' estate under section 503 of the Bankruptcy Code, with priority over all administrative expense claims (other than those, if any, of Besse, with determination of priority as between M&T Bank and Besse to be reserved) and unsecured claims against the Debtor and the Estate.

**ORDERED** that the Debtors stipulates that (a) as of the Petition Date it was obligated, as of January 30, 2025, to Besse, without defense, counterclaim, or offset of any kind, in the amount of $413,695.05 (the "Besse Obligations"), which is accruing interest at the rate of 18 percent per annum; (b) the Besse Obligations are secured by a lien (the "Besse Prepetition Lien") on all of the Debtor's personal property, including after acquired property (the "Besse Prepetition Collateral"); and (c) the Besse Obligations are valid, legal, binding, and non-avoidable.

**ORDERED** that in order to adequately protect Besse's interest, (a) Besse shall be granted a replacement lien (the "Adequate Protection Lien") in all Post-petition Collateral to the extent of the decrease in the value of the Besse's interest in the Chapter 11 case, which Adequate Protection

Lien shall be a valid perfected enforceable lien which shall be deemed filed and recorded as of the Petition Date; (b) the Debtor shall make a payment of $15,000 per month commencing on February 1, 2025 and continuing until the Besse Obligations are repaid in full; (c) and Besse shall be granted, to the extent of the decrease in the value of Besse's interests in the Chapter 11 Case, an allowed administrative claim against the Debtors' estate under section 503 of the Bankruptcy Code, with priority over all administrative expense claims (other than those, if any, of M&T Bank, with determination of priority as between M&T Bank and Besse to be reserved) and unsecured claims against the Debtor and the Estate.

**ORDERED** that subject to entry of a final order, no costs or expenses of administration of the Chapter 11 Case shall be charged against or recovered from the M&T Collateral or Besse Collateral pursuant to Bankruptcy Code sections 506(c) or 105(a) or any similar principal of law or equity without the consent of the applicable secured party.

**ORDERED** that subject to entry of a final order, the secured parties shall be entitled to apply the payments and proceeds received in accordance with this order and shall not be subject to the equitable doctrine of "marshalling" or any similar doctrine.

**ORDERED** that the provisions of this Order shall be binding upon all parties in interest in this Chapter 11 case including, but not limited to, any trustee hereinafter appointed or elected for the estate of the Debtor.

**ORDERED** that this Order is without prejudice to (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of cash collateral; (b) any other right or remedy which may be available to the Secured Creditors.

**ORDERED** that the Court shall retain jurisdiction to enforce the terms of this Order.

**ORDERED** that a subsequent hearing on the Debtor's Use of Cash Collateral shall be scheduled before February 28, 2025, unless the M&T Bank and Besse and Debtor agree otherwise.

cc:    Debtor
Debtor Counsel
United States Trustee
Subchapter V Trustee
All parties-in-interest

**END OF ORDER**

| Februray 2025 est Budget | | |
|---|---|---|
| **Income** | | |
| Fee for Service Income | $370,000.00 | |
| Refunds | | |
| Sales of Product Income | | |
| Total Income | $370,000.00 | |
| **Cost of Goods Sold** | | |
| Supplements | | |
| Vaccines and Medicines | $200,000.00 | |
| Cardinal Purchases | | |
| Total Vaccines and Medicines | $200,000.00 | |
| **Total Cost of Goods Sold** | **$200,000.00** | |
| **Gross Profit** | **$170,000.00** | |
| **Expenses** | | |
| Bank Service Charges | $200.00 | |
| Business Licenses and Permits | $100.00 | |
| Besse Payment | $15,000.00 | |
| Computer and Internet Expenses | $300.00 | Verizon internet |
| Continuing Education | $500.00 | |
| Credit Card Fees | $2,000.00 | |
| Dues and Subscriptions | $1,000.00 | |
| Employee Benefits | $4,000.00 | |
| Equipment Rental | $500.00 | |
| Insurance Expense | $2,200.00 | Malpractice and business |
| M&T Payment | $3,500.00 | |
| IT & Web Security Services | $3,000.00 | IT, Phone, security & compliance |
| Legal | $10,000.00 | BK fees and Attry |
| Medical Billing Subscriptions | $8,600.00 | EMR System |
| Medical Records and Supplies | $1,000.00 | |
| Office Supplies | $1,500.00 | |
| Payroll Fees | $250.00 | Payroll vendor |
| Payroll Taxes | $35,000.00 | |
| Professional Fees | $600.00 | Accountant |
| Rent Expense | $15,000.00 | |
| Salary & Wages | $78,000.00 | |
| Small Medical Equipment | $750.00 | |
| Website Maintenance | $150.00 | |
| **Total Expenses** | $183,150.00 | |
| **Net Operating Income** | -$13,150.00 | |