Entered: February 28th, 2025
Signed: February 28th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

|  |  |
|---|---|
| **IN RE:** | |
| **MID-ATLANTIC RHEUMATOLOGY, LLC** | **Case No. 25-10845-DER** |
| **Debtor** | **Chapter 11, Subchapter V** |

**CONSENT FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL**

**UPON CONSIDERATION** of the Debtor's Emergency Motion for Authorization to Use Cash Collateral, any responses thereto, and any hearing conducted thereon, it is by this United States Bankruptcy Court for the District of Maryland,

**ORDERED** that the Motion is hereby **GRANTED**;

**ORDERED** that subject to the provisions of this Order, the Debtor is authorized to use Cash Collateral, , to pay: (a) amounts expressly authorized by this Court; (b) the current and necessary expenses set forth in the budget attached to this Order, plus an amount not to exceed ten (10) percent for each line item; (c) the Adequate Protection Lien payments in the amounts set forth in the attached Budget. This authorization is continuing except as authorized in this Order, the Debtor is prohibited from use of Cash Collateral, however, M&T Bank, Besse, the United States Small

Business Administration, and Cardinal Health 108, LLC (collectively, the "Secured Parties") have the right to demand quarterly budgets and retain their rights to challenge further use of Cash Collateral based upon the budgets provided to them.

**ORDERED** that the Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

**ORDERED** that upon reasonable notice, and provided that it does not unreasonably interfere with the business of the Debtor, the Debtor shall grant to the Secured Parties access to the Debtor's business records and premises for inspection.

**ORDERED** that the Secured Parties shall have a perfected post-petition lien against all personal property of the Debtor, including after-acquired property and Cash Collateral to the same extent with the same validity and priority as the prepetition lien without the need to file or execute any document otherwise required under applicable non-bankruptcy law.

**ORDERED** that the Debtor stipulates that (a) as of the Petition Date, it was obligated to M&T Bank, without defense, counterclaim, or offset of any kind, on a secured commercial line of credit loan (the "M&T LOC"), with a principal and interest balance in the amount of $200,459.43[1] (the "M&T LOC Obligations"), which is accruing interest at a rate of prime plus one percent (1.00%) per annum (currently 8.5% per annum); (b) the M&T LOC Obligations are secured by a lien (the "M&T Prepetition Lien") on all of the Debtor's personal property, including after-acquired property (the "M&T Prepetition Collateral"); and (c) the M&T LOC Obligations are valid, legal, binding, and non-avoidable.

**ORDERED** that in order to adequately protect M&T Bank's interest, (a) M&T Bank shall

---

[1] The parties have used the balance as of January 29, 2025.

be granted a replacement lien (the "Adequate Protection Lien") in all personal property acquired post-petition by the Debtor (the "Post-petition Collateral") to the extent of the decrease in the value of the M&T Prepetition Collateral during the Chapter 11 case, which Adequate Protection Lien shall be a valid perfected enforceable lien which shall be deemed filed and recorded as of the Petition Date; (b) the Debtor shall make a payment of $3,500 per month commencing on February 15, 2025, and continuing until the M&T LOC Obligations are repaid in full; (c) and M&T Bank shall be granted, to the extent of the decrease in the value of the M&T Prepetition Collateral during the Chapter 11 Case, an allowed administrative claim against the Debtors' estate under section 503 of the Bankruptcy Code, with priority over all administrative expense claims (other than those, if any, of Besse, with determination of priority as between M&T Bank and Besse to be reserved) and unsecured claims against the Debtor and the Estate.

**ORDERED** that the Debtor stipulates that (a) as of the Petition Date, it was obligated to Besse, without defense, counterclaim, or offset of any kind, in the amount of $413,695.05[2] (the "Besse Obligations"), which is accruing interest at the rate of 18 percent per annum; (b) the Besse Obligations are secured by a lien (the "Besse Prepetition Lien") on all of the Debtor's personal property, including after-acquired property (the "Besse Prepetition Collateral"); and (c) the Besse Obligations are valid, legal, binding, and non-avoidable.

**ORDERED** that in order to adequately protect Besse's interest, (a) Besse shall be granted a replacement lien (the "Adequate Protection Lien") in all Post-petition Collateral to the extent of the decrease in the value of the Besse Prepetition Collateral during Chapter 11 case, which Adequate Protection Lien shall be a valid perfected enforceable lien which shall be deemed filed and recorded as of the Petition Date; (b) the Debtor shall make a payment of $15,000 per month

---

[2] The parties have used the balance as of January 30, 2025.

commencing on February 1, 2025, and continuing until the Besse Obligations are repaid in full; (c) and Besse shall be granted, to the extent of the decrease in the value of the Besse Prepetition Collateral during the Chapter 11 Case, an allowed administrative claim against the Debtors' estate under section 503 of the Bankruptcy Code, with priority over all administrative expense claims (other than those, if any, of M&T Bank, with the determination of priority as between M&T Bank and Besse to be reserved) and unsecured claims against the Debtor and the Estate.

ORDERED that in order to adequately protect the United States Small Business Administration's (the "SBA") interest, (a) the SBA shall be granted a replacement lien to the extent that its secured position warrants an Adequate Protection Lien; and (b) the Debtor shall make a payment of $751.00 per month commencing upon the case filing.

ORDERED  as adequate protection for any diminution in the value of the collateral on which Cardinal Health 108, LLC holds liens and security interests ("Cardinal Health 108's Collateral") due to the Debtor's use of Cardinal Health 108's Collateral, Cardinal Health 108 is hereby granted replacement liens in post-petition assets of the same kind, type, and nature as its prepetition collateral and any proceeds thereof, effect as of the Petition Date (the "Cardinal Liens"). The Cardinal Liens shall have the same priority as the prepetition liens of Cardinal Health 108 and shall be deemed valid, enforceable, and perfected only to the extent that the prepetition liens of Cardinal Health 108 are valid, enforceable, and perfected. Cardinal Health 108 shall receive a monthly payment of $1,000 starting on March 15, 2025, as adequate protection for its secured position.

ORDERED that no costs or expenses of administration of the Chapter 11 Case shall be charged against or recovered from the M&T Collateral, Besse Collateral, or Cardinal Health 108's Collateral pursuant to Bankruptcy Code sections 506(c) or 105(a) or any similar principle of law

or equity without the consent of the applicable secured party.

**ORDERED** that the Secured Parties shall be entitled to apply the payments and proceeds received in accordance with this order and shall not be subject to the equitable doctrine of "marshaling" or any similar doctrine.

**ORDERED** that the provisions of this Order shall be binding upon all parties in interest in this Chapter 11 case, including, but not limited to, any trustee hereinafter appointed or elected for the estate of the Debtor.

**ORDERED** that this Order is without prejudice to (a) any subsequent request by a party in interest for modified adequate protection or restrictions on the use of cash collateral; (b) any other right or remedy which may be available to the Secured Parties.

**ORDERED** that the Court shall retain jurisdiction to enforce the terms of this Order.

SEEN AND AGREED:

/s/ Daniel A. Staeven
Daniel A. Staeven
Frost & Associates, LLC
839 Bestgate Road, Suite 400
Annapolis, MD 21401

Counsel for Debtor


/s/ Monique Almy
Monique Almy
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Subchapter V Trustee

/s/ Michael W. Yurkewicz
Michael W. Yurkewicz
Klehr Harrison Harvey Branzburg LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801

Counsel for ADS Specialty Healthcare, LLC ("Besse")

/s/ Bradley J. Swallow
Brandley J. Swallow
Funk & Bolton
100 Light Street, Suite 1400
Baltimore, MD 21202

Counsel for M & T Bank

/s/ Scott A. Zuber
Scott A. Zuber
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, NJ 07068

Counsel for Cardinal Health 108, LLC


REVIEWED WITHOUT OBJECTION

/s/ Katherine Levin
Katherine Levin
Office of the US Trustee
101 W Lombard St # 2625,
Baltimore, MD 21201

Attorney for the US Trustee


     **I HEREBY CERTIFY** that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original order, and the signatures represented by the ____/s/____ on this copy reference the signatures of consenting parties to the original consent order.


                                     /s/ Daniel A. Staeven
                                     Daniel A. Staeven

Cc:

Daniel A. Staeven
U.S. Trustee
Subchapter V Trustee
All Parties-In-Interest

**END OF ORDER**

|  | Mar-25 | Apr-25 | May-25 |
|---|---|---|---|
| **Income** | | | |
| Fee for Service Income | $340,000.00 | $350,000.00 | $378,000.00 |
| Refunds | | | |
| Sales of Product Income | | | |
| Total Income | $340,000.00 | $350,000.00 | $378,000.00 |
| **Cost of Goods Sold** | | | |
| Supplements | $1,000.00 | $3,000.00 | $3,750.00 |
| Vaccines and Medicines | $160,000.00 | $160,000.00 | $175,000.00 |
| Cardinal Purchases | | | |
| Total Vaccines and Medicines | $161,000.00 | $163,000.00 | $178,750.00 |
| **Total Cost of Goods Sold** | $161,000.00 | $163,000.00 | $178,750.00 |
| **Gross Profit** | $179,000.00 | $187,000.00 | $199,250.00 |
| **Expenses** | | | |
| Bank Service Charges | $200.00 | $200.00 | $200.00 |
| Marketing | $1,500.00 | $1,500.00 | $1,500.00 |
| Business Licenses and Permits | $100.00 | $100.00 | $100.00 |
| Besse Adequate Protection Payment | $15,000.00 | $15,000.00 | $15,000.00 |
| M&T Adequate Protection Payment | $3,500.00 | $3,500.00 | $3,500.00 |
| SBA Adequate Protection Payment | $751.00 | $751.00 | $751.00 |
| Cardinal Health 108 AP Payment | $1,000.00 | $1,000.00 | $1,000.00 |
| Computer and Internet Expenses | $300.00 | $300.00 | $300.00 |
| Continuing Education | $500.00 | $250.00 | $250.00 |
| Credit Card Fees | $2,000.00 | $2,000.00 | $2,000.00 |
| Dues and Subscriptions | $1,000.00 | $1,000.00 | $1,000.00 |
| Employee Benefits | $4,000.00 | $4,000.00 | $4,000.00 |
| Equipment Rental | $500.00 | $0.00 | $0.00 |
| Insurance Expense | $2,200.00 | $2,200.00 | $2,200.00 |
| IT & Web Security Services | $3,000.00 | $3,000.00 | $3,000.00 |
| Legal | $10,000.00 | $10,000.00 | $10,000.00 |
| Medical Billing Subscriptions | $8,600.00 | $8,600.00 | $8,600.00 |
| Medical Records and Supplies | $1,000.00 | $1,000.00 | $1,000.00 |
| Office Supplies | $1,500.00 | $1,500.00 | $1,500.00 |
| Payroll Fees | $250.00 | $250.00 | $250.00 |
| Payroll Taxes | $35,000.00 | $30,000.00 | $35,000.00 |
| Professional Fees | $600.00 | $200.00 | $150.00 |
| Rent Expense | $15,000.00 | $15,000.00 | $15,000.00 |
| Salary & Wages | $120,000.00 | $100,000.00 | $120,000.00 |
| Small Medical Equipment | $750.00 | $750.00 | $750.00 |
| Website Maintenance | $150.00 | $450.00 | $450.00 |
| **Total Expenses** | $228,401.00 | $202,551.00 | $227,501.00 |
| **Net Operating Income** | -$49,401.00 | -$15,551.00 | -$28,251.00 |