Entered: February 28th, 2025
Signed: February 28th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

### THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

IN RE:

**MID-ATLANTIC RHEUMATOLOGY, LLC**

        **Debtor**

**Case No. 25-10845-DER**
**Chapter 11, Subchapter V**

### CONSENT ORDER AUTHORIZING THE DEBTORS TO CONTINUE
### OPERATING THEIR EXISTING CASH MANAGEMENT SYSTEM

Upon consideration of the Debtor's Motion for An Order Authorizing Interim and Final Use Of Existing Cash Management System after due deliberation and sufficient cause appearing therefore; it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion be and is hereby GRANTED; and it is further;

**ORDERED**, that a final hearing (the "Final Hearing") on the Motion shall be held. Any objections or responses to entry of a final order on the Motion shall be filed within 16 days of the interim order. In the event no objections are timely filed, the Court may enter a final order without a Final Hearing.

**ORDERED**, that the Debtor is authorized to continue using their existing Cash Management System and shall maintain through the use thereof detailed records reflecting all

transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this Interim Order. In connection with the ongoing use of the Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

**ORDERED**, that the Debtor is authorized to (a) designate, maintain and continue to use the bank account in existence as of the Petition Date in its Cash Management System, with the same account number, style, and document forms as are currently employed, including but not limited to the account identified in **Exhibit A** to the Motion; (b) deposit funds in, and withdraw funds from the bank accounts by all usual means, including checks, wire transfers, ACH transfers, direct deposits, and other similar methods; (c) pay ordinary-course bank fees, including any prepetition amounts, incurred in connection with the bank account; (d) perform their obligations under the bank account governing documents and agreements, (e) treat the bank account in the Cash Management System for all purposes as debtor in possession account, and (f) treat the bank account for all purposes as accounts of the Debtor.

**ORDERED,** that in order to comply with the insurance and guaranty requirements of 11 U.S.C. 345, the Debtor agrees to and shall sweep any account within the Cash Management System that has a balance above $245,000.00 into the DIP account at TD Bank.

**ORDERED,** that the Debtor will provide the U.S. Trustee with copies of the account, on a continuing monthly basis, and shall file them in the record of this case including them in the required monthly operating reports.

SEEN AND AGREED:

/s/ Daniel A. Staeven
Daniel A. Staeven
Frost & Associates, LLC
839 Bestgate Road, Suite 400
Annapolis, MD 21401

Counsel for Debtor


/s/ Monique Almy
Monique Almy
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Subchapter V Trustee

REVIEWED WITHOUT OBJECTION

/s/ Katherine Levin
Katherine Levin
Office of the US Trustee
101 W Lombard St # 2625,
Baltimore, MD 21201

Attorney for the US Trustee


    **I HEREBY CERTIFY** that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original order; and the signatures represented by the ___/s/____ on this copy reference the signatures of consenting parties to the original consent order.


    /s/ Daniel A. Staeven
    Daniel A. Staeven


Cc:

Daniel A. Staeven
U.S. Trustee
Subchapter V Trustee

**END OF ORDER**