**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| MID-ATLANTIC RHEUMATOLOGY, LLC | * | Case No. 25-10845-DER |
| | * | Chapter 11 (Subchapter V) |
| Debtor. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEBTOR'S PLAN REPORT**

The above-captioned debtor and debtor-in-possession (the "Debtor") has elected to file this case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[1]  The Debtor files this report pursuant to § 1188(c) of the Bankruptcy Code and the Initial Scheduling Order entered by this Court.

1.    Debtor's Business or Commercial Activities.

The Debtor treats various musculoskeletal issues, including gout, osteoarthritis, and osteoporosis. The Debtor specializes in treating autoimmune diseases such as lupus, Sjogren's, systemic sclerosis, IgG-4 disease, polymyalgia rheumatica, temporal arteritis, polymyositis, dermatomyositis, and vasculitis.

2.    Type of Plan of Reorganization.  The Debtor intends to pursue the following type of plan of reorganization in this case:

 <u>X</u>    Consensual    ____    Nonconsensual[2]    ___    Undetermined

3.    Reasons for Type of Plan of Reorganization.

The Debtor hopes to reach a consensual plan with their secured creditors and other smaller unsecured creditors.

---

[1]  Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020.

[2]  The term "nonconsensual plan" for purposes of this report means a plan confirmed under § 1191(b) of the Bankruptcy Code.

4. <u>Communications with Parties in Interest.</u>   The Debtor has had discussions with the following parties in interest concerning the Debtor's plan of reorganization:

  <u>X</u>   Secured Creditors—Debtor's counsel has worked with secured creditors to arrange consent orders, amended drafts of orders, and negotiated adequate protection payments.

  <u>X</u>   Tax Claims: The Debtor believes there are no federal tax claims.

  <u>X</u>   Unsecured Creditors: The Debtor and Debtor's counsel know of unsecured creditors from the Debtor's contract and lease rejections and will work with these parties to obtain a consensual plan. Additionally, a motion to value will increase the unsecured pool as well.

  <u>X</u>   Equity Interest Holders: Counsel and his staff regularly contact the Debtor.

  <u>X</u>   Subchapter V Trustee: Counsel had limited conversations with the Sub Chapter V Trustee in this case. Counsel has worked with this Trustee before and knows that her assistance can help in this case.

5. <u>Nature of Communications with Parties in Interest</u>.

Debtor's counsel, as described above, has had communications with the parties in this case. The Debtor's counsel believes it may be premature to determine the type of plan that may be formed based on the proofs of claim and any assertions to be made by the creditors.

6. <u>Efforts to Formulate Plan of Reorganization</u>.

There have been conversations with the Debtor and Counsel regarding the valuation of the collateral so as to properly pay the Secured Creditors.

The Debtor remains ready, willing, and able to go through the plan process.

7. <u>Timing for Filing Plan of Reorganization</u>.   Does the Debtor intend to file a plan of reorganization within the 90-day deadline imposed by § 1189(b) of the Bankruptcy Code?

    <u>X</u>  Yes           <u>   </u>   No

8. <u>Administrative Expenses</u>. The Debtor anticipates that the estate will incur the following administrative expenses during the pendency of this case and proposes the following monthly escrow payments to fund the payment of allowed administrative expense claims in the case.

Total Amount for Debtor's Counsel's Fees and Expenses:     <u>$45,000.00</u>

Total Amount for Subchapter V Trustee's Fees and Expenses:     <u>$20,000.00</u>

Total Amount of Other Administrative Expense Claims:  $0.00

Proposed Monthly Escrow Payment:[3]  $8,000.00

9.     Additional Information.

The Debtor will be filing a motion to value to assess the secured amounts for the Secured Parties.

---

[3] The Debtor will make the final payment of $8,000.00 within 30 days of this status review hearing to be held in escrow pending further Order of the Court. The escrowed amounts shall be applied $4,000.00 to the Subchapter V Trustee and $4,000.00 to Debtor's Counsel to the payment of allowed administrative expense claims in the case in accordance with the Bankruptcy Code.

Dated: <u>March 4, 2025</u>

By:   <u>Mid-Atlantic Rheumatology, LLC.</u>

Name of Debtor/Debtor Representative:   <u>Erinn Maury, MD</u>

Relation to Debtor: <u>Sole Member</u>

Signature of Debtor/Debtor Representative:   <u>/s/ Erin Maury, MD</u>

Represented by:

Name of Counsel:   <u>Daniel A. Staeven, Esq.</u>

Signature of Counsel: <u>/s/ Daniel A. Staeven</u>

Bar ID.: 27662
Frost & Associates, LLC
839 Bestgate Road, Suite 400
Annapolis, Maryland 21401
(410) 497-5947
daniel.staeven@askfrost.com

**End of Report**