IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>**Mid-Atlantic Rheumatology, LLC**<br><br>    *Debtor.*<br>_____<br><br>**Mid-Atlantic Rheumatology, LLC**<br><br>    *Movant,*<br><br>*vs.*<br><br>**Cardinal Health 108, LLC**<br>7000 Cardinal Place<br>Dublin, OH 43017<br><br>    **Serve**: Corporation Trust Company<br>           Corporation Trust Center<br>           1209 Orange Street<br>           Wilmington, DE 19801<br><br>    **Serve:** Jason Hollar, CEO<br>           7000 Cardinal Place<br>           Dublin, OH 43017<br><br>    *Respondent.* | Bankr. No. 25-10845 DER<br><br>Chapter 11 (Subchapter V) |

**DEBTOR'S MOTION TO VALUE COLLATERAL
AND DETERMINE SECURED STATUS**

1.      This Court has jurisdiction over this Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case is pending in this court. To the extent this Court may lack the authority to enter a final judgment in this matter pursuant to the holdings in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011)

and *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932 (2015), and pursuant to Rule 7008(a), the Debtor consents to this Court's entry of a final judgment.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 506(a) of the Bankruptcy Code and Bankruptcy Rule 3012.

## Parties

3.      Movant is the Debtor in this bankruptcy case.

4.      Omnia A. Shedid is the United States Trustee Trial Attorney herein.

5.      Monique Almy is the Subchapter V Trustee herein.

6.      Respondent, Cardinal Health 108, LLC ("Cardinal") is a Delaware Corporation, that does business in the State of Maryland and is a creditor herein.

7.      M&T Bank ("M&T") is a creditor herein.

8.      ADS Specialty Healthcare, Inc. dba Besse Medical ("ASD") is a creditor herein.

9.      The United States Small Business Administration ("SBA") is a creditor herein.

10.     Cardinal, M&T, ADS, and the SBA are hereinafter collectively referred to as the "Blanket Lien Holders."

## Background

11.     The Debtor commenced this case with the filing of a Voluntary Petition under Chapter 11, Subchapter V, of the Bankruptcy Code on January 31, 2025 (the "Petition Date"). No Chapter 11 plan has been filed.

12.     On the Petition Date, the Debtor owned the following assets subject to asserted liens of the Blanket Lien Holders:

| Description | Scheduled Value |
|---|---|
| M&T Bank Checking Account | $354,218.21 |
| M&T Bank Checking Account | $27,462.75 |
| Sandy Spring Bank Checking Account | $185,035.44 |
| Accounts Receivable | $111,505.58 |
| Office Furniture | $2,900.00 |
| Waiting Room Furniture | $2,500.00 |
| Infusion Suite | $2,500.00 |
| Exam Room | $1,450.00 |
| Workstations | $11,655.00 |
| Networking Equipment | $2,730.00 |
| Lazer | $5,000.00 |
| **Total:** | **$706,958.98** |

13. These assets are collectively referred to as the "Collateral."

14. The Collateral is subject to various liens asserted by the Blanket Lien Holders.

## Discussion

15. The Debtor has possession of the Collateral. Without actual possession of collateral, Md. Code Ann., Com. Law § 9-310 requires that a creditor file a financing statement, or UCC-1, to perfect a security interest in collateral. As stated in CL Code § 322(a)(1), "Conflicting perfected security interests… rank according to priority in time of filing or perfection."

16. As seen by the UCC-1 Financing Statements attached hereto and incorporated herein collectively as **Exhibit A**, the Blanket Lien Holders filed their UCC-1 Financing Statements as to the Collateral on the following dates[1]:

| M&T | September 2, 2015 |
| ADS | March 2, 2017 |
| SBA | June 18, 2020 |
| Cardinal | November 12, 2020 |

17. M&T holds a first priority lien on the Collateral in the amount of $198,565.02.

18. ADS holds a second priority lien on the Collateral in the amount of $412,322.09.

19. The SBA holds a third priority lien on the Collateral in the amount of $61,647.67.[2]

20. Cardinal holds a fourth priority lien on the Collateral in the amount of $1,245,472.57.

21. Pursuant to 11 U.S.C. § 1123(b)(5), a debtor may modify the rights of holders of secured claims to bifurcate such claims into a secured portion equal to the value of the collateral securing the claim, and a general unsecured claim for any excess.

22. The lien held by Cardinal is secured by the Collateral only to the extent that the value of Collateral exceeds the total value of the liens secured by the Higher Priority Liens - $34,424.20.

---

[1] M&T and ADS timely filed continuation statements thereby retaining their priorities as to the later filed financing statements.
[2] M&T, ADS and the SBA will hereinafter be referred to collectively as the "Higher Priority Liens."

23.     To the extent that the debt owed to Cardinal exceeds the value of the Collateral after accounting for the Higher Priority Liens, Cardinal is unsecured - $1,245,048.37.

24.     The Debtor proposes to treat Cardinal's claim as secured in the amount of $34,424.20 and unsecured in the amount of $1,245,048.37.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court:

A.  Value the Collateral at $706,958.98;

B.  Determine the secured claim of Cardinal Health 108, LLC to be $34,424.20;

C.  Determine the debt owed to Cardinal Health 108, LLC, to be unsecured to the extent it exceeds the determined value of its lien;

D.  Determine the unsecured debt owed to Cardinal Health 108, LLC, to be the amount of $1,245,048.37; and

E.  Grants such other and further relief as the Court may deem proper.

DATE: March 6, 2025

*s/ Daniel A. Staeven, Esq.*
Daniel A. Staeven, Esq.
(Bar No. 27662)
FROST LAW
839 Bestgate Road, Suite 400
Annapolis, MD 21401
410-497-5947
Daniel.Staeven@frosttaxlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2025, I reviewed the court's CM/ECF system, and it reports that an electronic copy of the foregoing Motion to Value Collateral and Determine Secured Status will be served electronically by the court's CM/ECF system on the following:

**23-17804 Notice will be electronically mailed to:**

Monique Desiree Almy - malmy@crowell.com, cbest@crowell.com; malmy@ecf.axosfs.com; monique-almy-7127@ecf.pacerpro.com

Hugh M. (UST) Bernstein - hugh.m.bernstein@usdoj.gov

Katherine A. (UST) Levin - Katherine.A.Levin@usdoj.gov, amy.busch@usdoj.gov

Omnia Shedid- omnia.a.shedid@usdoj.gov

Daniel Alan Staeven - daniel.staeven@frosttaxlaw.com, daniel.staeven@frosttaxlaw.com; 21029@notices.nextchapterbk.com; 23296@notices.nextchapterbk.com; margaret.johnson@frosttaxlaw.com; uriel.stern@frosttaxlaw.com; amy.mckay@frosttaxlaw.com; UStern@jubileebk.net

Bradley J. Swallow - bswallow@fblaw.com, bswallow@fblaw.com

US Trustee - Baltimore - USTPRegion04.BA.ECF@USDOJ.GOV

I hereby further certify that on March 6, 2025, a copy of the foregoing Motion to Value Collateral and Determine Secured Status was also mailed first class mail, postage prepaid to the following creditors and all creditors on the attached creditor matrix:

Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Jason Hollar, CEO
7000 Cardinal Place
Dublin, OH 43017

/s/ Daniel A. Staeven
Daniel A. Staeven, Esq.