**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : | Subchapter V |
| MID-ATLANTIC RHEUMATOLOGY, LLC, | : |  |
|  | : | Case No. 25-10845 |
|  | : |  |
| Debtor. | : |  |

**DEBTOR'S MOTION FOR ENTRY OF CONSENT ORDER (I) APPROVING
STIPULATION BETWEEN DEBTOR AND OI INFUSION SERVICES, LLC, (II)
ALLOWING ADMINISTRATIVE EXPENSE CLAIM OF OI INFUSION SERVICES, LLC,
PURSUANT TO 11 U.S.C. § 503(B)(9), AND (III) APPROVING TERMS OF DEBTOR'S
PAYMENTS TO SATISFY SUCH ADMINISTRATIVE EXPENSE CLAIM**

Mid-Atlantic Rheumatology, LLC, debtor and debtor in possession (the "**Debtor**"), hereby

moves (this "**Motion**") pursuant to section 105 of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), for entry of a consent order, substantially in the form attached hereto as Exhibit A

(the "**Proposed Order**"), approving and permitting the Debtor to enter into and perform under the

*Stipulation (I) Allowing Administrative Expense Claim of OI Infusion, LLC, Pursuant to 11 U.S.C §*

*503(B)(9), and (II Approving Terms of Debtor's Payments to Satisfy Such Administrative Expense*

*Claim* (the "**Stipulation**"), a copy of which Stipulation with OI Infusion Services, LLC

("**OIIS**"), is attached as Exhibit 1 to the annexed Proposed Order.

In support hereof, the Debtor states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Chapter 11 Case and this Motion pursuant to

28 U.S.C. §§ 157 and 1334.  Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding.  Venue

1

is proper in this District pursuant to 28 U.S.C. § § 1408 and 1409 because the underlying bankruptcy case is pending in this court.

2.     The statutory bases for the relief requested herein are sections 105(a) and 503(b)(9) of the Bankruptcy Code.  Pursuant to Bankruptcy Rule 7008(a), the Debtor consents to this Court's entry of a final judgment.

### Background

3.     On January 31, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Maryland (the "**Bankruptcy Court**"), and continues to manage its business and assets as debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.

4.     On the Petition Date, pursuant to Section 1183(a) of the Bankruptcy Code, the Acting United States Trustee for Region 4 filed its Notice of Appointment of Subchapter V Trustee [Docket No. 19], appointing Monique D. Almy as Subchapter V Trustee in the Debtor's case (as such, the "**Subchapter V Trustee**"), and on the Petition Date the Subchapter V Trustee accepted such appointment pursuant to FRBP 2008.

5.     As more fully described in the Stipulation,[1] prior to the Petition Date and in the ordinary course of their respective businesses, OIIS regularly sold, and the Debtor purchased Goods in connection with their Administrative Services Agreement dated July 12, 2024.  The Debtor has rejected the Administrative Services Agreement pursuant to Section 365(a) of the Bankruptcy Code [Docket No 91].

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

6.     After the Petition Date, OIIS provided the Debtor an open invoice list and other information, based on which the Debtor has determined that during the twenty (20) days prior to the Petition Date, it received Goods purchased from OISS with an aggregate unpaid purchase-price value of $112,195.25 (such amount, the "**503(b)(9) Claim**").

7.     The Debtor and OIIS, with the assistance of the Subchapter V Trustee, negotiated terms upon which OIIS's 503(b)(9) Claim would be allowed and that the Debtor would pay and satisfy the 503(b)(9) Claim, as are set forth in the Stipulation.

8.     As reflected in the Stipulation, the Debtor further agreed to request this Court's approval of the Stipulation, and authorization for the Debtor to perform its terms.

### **Key Terms of the Stipulation; Relief Requested**

9.     By this Motion, the Debtor requests entry of the Proposed Order approving the parties' Stipulation and authorizing the Debtor to enter into and perform in accordance with the terms and upon the conditions set forth in the Stipulation.

10.     Specifically, pursuant to Section 503(b)(9) of the Bankruptcy Code, the Debtor requests that the following terms of the Stipulation are approved:

- Pursuant to Section 503(b)(9) of the Bankruptcy Code, the 503(b)(9) Claim held by OIIS is allowed in the amount of $112,195.25, as an administrative expense in the Debtor's case;

- Within three (3) days after entry of the Stipulation Order, the Debtor is authorized to pay OIIS the cash amount of $60,000.00 on account of the 503(b)(9) Claim (such payment date, the "**Initial Payment Date**"); and

- On the date thirty (30) days after the Initial Payment Date (such date, the "**Initial Amortization Payment Date**"), the Debtor is authorized to pay OISS $5,000.00 on account of the 503(b)(9) Claim, and commencing and continuing thereafter on the date that is thirty (30) days after the Initial Amortization Payment Date, the Debtor is authorized pay OIIS $5,000.00 on account of the 503(b)(9) Claim in each of the subsequent ten (10) months, until the amount of the 503(b)(9) Claim is paid in full, all such payments being without interest.

11.     Furthermore, the Debtor requests that the Proposed Order determine and order that the 503(b)(9) Claim and the Debtor's payments on account of the 503(b)(9) Claim as specified therein, shall (a) not be subordinated or impaired by virtue of (i) any terms, conditions or provisions contained in the Financing Order or in any manner of post-Petition Date secured, unsecured and/or other form(s) of financing as may be approved on an interim and/or final basis in the Debtor's case, (ii) the terms of any plan of reorganization filed by the Debtor and/or confirmed in the Debtor's case pursuant to Sections 1189 and 1911 of the Bankruptcy Code, and/or (iii) the conversion of the Debtor's case to a case under Chapter 7 of the Bankruptcy Code, and (b) not be subject to avoidance and recovery under the Bankruptcy Code, under any applicable State Law and/or under principals of equity, and all such payments shall not be subject to recovery from OIIS.

<u>Basis for Relief</u>

12.     Section 503(b)(9) of the Bankruptcy Code provides, in pertinent part:

> After notice and a hearing, there shall be allowed, administrative expenses, …… including –
>
> > (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

13.     Bankruptcy Courts have discretion to determine whether to compel immediate payment of an administrative expense.  In determining the time of payment of an administrative expense, some courts consider the prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors.  See, e.g., Varsity Carpet Servs., Inc. v. Richardson (In re Colortex Indus., Inc.), 19 F.3d 1371, 1384 (11th Cir. 1994); and In re HQ Global Holdings, Inc., 282 B.R. 169, 173-74 (Bankr. D. Del. 2002).

14.     In this case, the Debtor submits that the Stipulation's terms are in the best interests of the Debtor and its estate and should be approved, in particular because timely allowance and

4

satisfaction of the 503(b)(9) Claim will avoid costly and time-consuming possible litigation that would be incurred if OIIS sought relief in connection with its 503(b)(9) Claim, and furthermore will facilitate the Debtor's efforts to timely and successfully conclude its reorganization case. Moreover, the Stipulation is the product of good-faith discussions and arm's length bargaining among the parties.

15.     For the reasons set forth above, the Debtor, in the exercise of its sound business judgment, submits that the Stipulation is fair, reasonable, and appropriate and should be approved by this Court.

## **<u>NOTICE</u>**

16.     Notice of this Motion will be given to the Office of the United States Trustee for the District of Maryland, respective counsel for the Secured Creditors, parties requesting notice pursuant to Bankruptcy Rule 2002, and all parties registered to receive notices via the Court's CM/ECF system.  The Debtor submits that no other or further notice need be provided.

*Balance of Page Intentionally Left Blank*

## **CONCLUSION**

WHEREFORE, the Debtor requests that the Court enter the Proposed Order approving the

Stipulation and grant such other and further relief as may be just and proper.

Dated:  May 7, 2025

/s/ Daniel A. Staeven
Daniel A. Staeven, Esq. (MD Bar No. 27662)
FROST & ASSOCIATES, LLC
839 Bestgate Road
Suite 400
Annapolis, MD 21401
Telephone: 410-497-5947
Email: daniel.staeven@frosttaxlaw.com

*Counsel to the Debtor and Debtor in
Possession*