**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | |
|---|---|
| In re: | Chapter 11 |
| | Subchapter V |
| MID-ATLANTIC RHEUMATOLOGY, LLC, | |
| | Case No. 25-10845 |
| Debtor. | |

**STIPULATION (I) ALLOWING ADMINISTRATIVE EXPENSE CLAIM**
**OF OI INFUSION SERVICES, LLC, PURSUANT TO 11 U.S.C. § 503(B)(9), AND (II)**
**APPROVING TERMS OF DEBTOR'S PAYMENTS TO SATISFY SUCH**
**ADMINISTRATIVE EXPENSE CLAIM**

Mid-Atlantic Rheumatology, LLC, debtor and debtor in possession (the "**Debtor**"), and

OI Infusion Services, LLC ("**OIIS**" and, together with the Debtor, the "**Parties**" and

individually, a "**Party**"), hereby stipulate and agree (this "**Stipulation**") as follows:

**RECITALS**

**WHEREAS**, on January 31, 2025 (the "**Petition Date**"), the Debtor filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

**Code**"), with an election to proceed under Subchapter V of Chapter 11, in the United States

Bankruptcy Court for the District of Maryland (the "**Bankruptcy Court**"), and continues to

manage its business and assets as debtor-in-possession pursuant to Section 1184 of the

Bankruptcy Code;

**WHEREAS**, on the Petition Date, pursuant to Section 1183(a) of the Bankruptcy Code,

the Acting United States Trustee for Region 4 filed its Notice of Appointment of Subchapter V

Trustee [Docket No. 19], appointing Monique D. Almy as Subchapter V Trustee in the Debtor's

case (as such, the "**Subchapter V Trustee**"), and on the Petition Date the Subchapter V Trustee accepted such appointment pursuant to FRBP 2008;

WHEREAS, prior to the Petition Date, and in the ordinary course of its business, OIIS regularly sold various infusion medicines and related drug products (collectively, the "**Goods**") to the Debtor in connection with conducting business under the Parties' Administrative Services Agreement dated July 12, 2024 (the "**Services Agreement**");[1]

WHEREAS, in connection with the Services Agreement and within twenty (20) days prior to the Petition Date, OIIS sold Goods to the Debtor, in the ordinary course of the Debtor's business, that were received by the Debtor within such twenty (20) day period prior to the Petition Date (collectively, the "**503(b)(9) Goods**"), with an aggregate sale-price value of $112,195.25 (such amount, the "**503(b)(9) Claim**");

WHEREAS, OIIS delivered to the Debtor an itemization of the invoices that comprise the 503(b)(9) Goods, and the reflects the amount of the 503(b)(9) Claim, which the Debtor acknowledges it has reviewed, and therefore a copy of such documentation is not annexed as an exhibit to this Stipulation;

WHEREAS, OIIS further notified the Debtor that OIIS believes its 503(b)(9) Claim should be allowed under Section 503(b)(9) of the Bankruptcy Code, and that the Debtor should pay and satisfy OIIS's asserted 503(b)(9) Claim upon entry of an order by the Bankruptcy Court allowing such Claim, just as the Debtor is paying other administrative expenses in its case;

WHEREAS, the Parties, with the assistance of the Subchapter V Trustee, negotiated terms upon which OIIS' asserted 503(b)(9) Claim would be allowed and that the Debtor would

---

[1] Debtor has rejected the Services Agreement pursuant to Section 365(a) of the Bankruptcy Code [Docket No 91].

pay and satisfy the 503(b)(9) Claim, upon the terms and subject to the conditions set forth in this Stipulation;

**WHEREAS**, the Subchapter V Trustee has provided this Stipulation to respective counsel for the Secured Creditors (as defined in the Consent Final Order authorizing the Debtor's use of cash collateral [Docket No. 80] (the "**Financing Order**") and for the United States Trustee for the District of Maryland, and reports that respective counsel for the Secured Creditors and for the United States Trustee do not object to this Stipulation; and

**WHEREAS**, the Parties agree, and the Subchapter V Trustee concurs, that entering into this Stipulation is in the best interests of the Debtor and its estate and that this Stipulation should be approved, in particular because timely allowance and satisfaction of the 503(b)(9) Claim (and approval of the other terms herein) will avoid costly and time-consuming possible litigation that would be incurred if OIIS sought relief in connection with its 503(b)(9) Claim, and furthermore will facilitate the timely and, what the Debtor believes will be the successful, conclusion of administration of the Debtor's estate.

**NOW, THEREFORE**, subject to the approval of the Bankruptcy Court, the Parties hereby stipulate and agree as follows:

1.    The Debtor will timely request entry of a consent order (the "**Stipulation Order**") by the Bankruptcy Court in the Debtor's case approving this Stipulation, and approving the following terms and conditions of the Parties' agreement for the allowance and for the Debtor's payment and satisfaction of OIIS's 503(b)(9) Claim:

   a.  Pursuant to Section 503(b)(9) of the Bankruptcy Code, the 503(b)(9) Claim held by OIIS shall be allowed in the amount of $112,195.25, as an administrative expense in the Debtor's case;

b. Within three (3) days after the date the Bankruptcy Court enters the Stipulation Order, the Debtor shall pay OIIS the cash amount of $60,000.00 on account of the 503(b)(9) Claim (such payment date, the "**Initial Payment Date**"); and

c. On the date thirty (30) days after the Initial Payment Date (such date, the "**Initial Amortization Payment Date**"), the Debtor shall pay OIIS $5,000.00 on account of the 503(b)(9) Claim, and commencing and continuing thereafter on the date that is thirty (30) days after the Initial Amortization Payment Date, the Debtor shall pay OIIS $5,000.00 on account of the 503(b)(9) Claim in each of the subsequent ten (10) months, until the amount of the 503(b)(9) Claim is paid in full, all such payments being without interest; for the avoidance of doubt, the Debtor's payment to OIIS in the foregoing tenth (10th) month shall be in the amount of $2,195.25.

2. Upon entry of the Stipulation Order, the 503(b)(9) Claim and the Debtor's payments on account of the 503(b)(9) Claim as specified in this Stipulation shall not be subordinated or impaired by virtue of (a) any terms, conditions or provisions contained in (i) the Financing Order, including as such may be amended, modified and/or extended, or in any manner of post-Petition Date secured, unsecured and/or other form(s) of financing as may be approved on an interim and/or final basis in the Debtor's case, and/or (ii) any plan of reorganization filed by the Debtor and/or confirmed in the Debtor's case pursuant to Sections 1189 and 1911 of the Bankruptcy Code, or (b) the conversion of the Debtor's case to a case under Chapter 7 of the Bankruptcy Code, expect to the extent as may be required under the Bankruptcy Code.

3. Upon entry of the Stipulation Order, the Debtor's payments to OIIS under this Stipulation shall be deemed not subject to avoidance and/or recovery under the Bankruptcy

Code, under any applicable State Law and/or under principals of equity, and all such payments shall not be subject to recovery from OIIS.

4.    At such time as the Debtor has consummated its payments as provided in this Stipulation, and to the extent of such payments, OIIS shall accordingly amend its Proof of Claim filed in the Debtor's case to reflect all such payments received.

5.    This Stipulation is entered into solely to reflect the agreement of the Parties with respect to the subject matter herein, and neither this Stipulation nor the fact of its execution will constitute any admission or acknowledgment on the part of any Party, except with respect to the subject matter of this Stipulation.  Each Party is duly authorized and empowered to execute this Stipulation.

6.    The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

7.    All of the recitals set forth above are incorporated by reference as if fully set forth herein.  This Stipulation constitutes the complete express agreement of the Parties concerning the subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the Party or Parties to be charged and approved by the Bankruptcy Court.

8.    Each Party has participated in and jointly consented to the drafting of this Stipulation and any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

9.    Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and conditions of this Stipulation shall be immediately effective and enforceable upon its approval.

Dated: May 6, 2025

---
Daniel A. Staeven, Esq. (MD Bar No. 27662)
FROST & ASSOCIATES, LLC
839 Bestgate Road
Suite 400
Annapolis, MD 21401
Telephone: 410-497-5947
Email: daniel.staeven@frosttaxlaw.com

*Counsel to the Debtor and Debtor in Possession*

---
Monique D. Almy, Esq.
CROWELL & MORING LLP
1001 Pennsylvania Avenue N.W.
Washington, DC 20004
Phone: 202-624-2935
Email: malmy@crowell.com

*Subchapter V Trustee*

---
William E. Schonberg, Esq. (*admitted pro hac vice*)
BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP
127 Public Square, Suite 4900
Telephone: (216) 363-4634
Email: wschonberg@beneschlaw.com

*Counsel for OI Infusion Services, LLC*