**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

|  |  |
|---|---|
| In re:<br><br>**MID-ATLANTIC RHEUMATOLOGY, LLC**<br><br>*Debtor.* | Bankruptcy No. 25-10845-DER<br><br>Chapter 11 (SBRA) |

**FINAL REPORT AND MOTION FOR**
**FINAL DECREE AND TO CLOSE CASE**

**NOW COME** Debtor, by and through counsel, and hereby submit this Final Report and Motion for Final Decree and to Close Case (the "Motion for Final Decree"). Contemporaneously herewith, the Debtor is also submitting a Final Account that should be considered in evaluating the Debtor's Motion for Final Decree. In support of this Motion, the Debtor respectfully states as follows:

### *Jurisdiction and Venue*

1. This Court has jurisdiction over this Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case is pending in this court. To the extent this Court may lack the authority to enter a final judgment in this matter pursuant to the holdings in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011) and *Wellness International Network, Ltd. v. Sharif,* 575 U.S. 665, 135 S. Ct. 1932 (2015), and pursuant to Rule 7008(a), the Debtors consent to this Court's entry of a final judgment.

### *Background*

2. On January 31, 2025 (the "Petition Date"), the Debtors filed a voluntary petition in this Court for reorganization relief under Chapter 11, Subchapter V of Title 11 of the U.S. Code (as amended, the "Bankruptcy Code").

3.      By Order entered July 24, 2025 (the "Confirmation Order"), the Court confirmed the Debtor's Plan of Reorganization (the "Plan") consensually. No appeal was taken from that Order, and the Confirmation Order became a final Order on August 7, 2025.

4.      Subsequently, the Debtor has undertaken those steps necessary to substantially consummate the confirmed Plan as provided under Section 1101(2) of Title 11 of the United States Code (the "Bankruptcy Code"). More specifically, the Debtor has commenced distribution under the Plan. Each of the requirements under § 1101(2) is summarized below. There has been substantial consummation of the Plan confirmed by the Court. The payments that the Plan proposed were made to the Secured Creditors, OI Infusion Administrative Payments, and to the Unsecured Creditors; the Debtor has assumed the management of all the property dealt with by the Plan; and the Debtor has commenced distribution under the Plan. Each of these three requirements under § 1101(2) is summarized below.

### Discussion

### I.      Transfer of Property.

The Plan did not propose any property transfers. Accordingly, substantially all anticipated property transfers under the Plan have been completed.

### II.      Assumption by Debtor of Management of Property.

The Plan provided for the Debtor to stay in control of his assets after confirmation. Since the date of the Confirmation Order, the Debtor has remained in control and has operated pursuant to the terms of the Plan.

### III.      Distributions.

On or before the Effective Date of the Plan, August 7, 2025, the Debtor commenced distributions under the Plan. The Debtor has paid all administrative expenses that have come due (except for the final fee application of counsel for the Debtor, which will be filed with this Court), has made all required secured debt payments under the Plan, and have commenced making payments on the general unsecured claims in

accordance with Plan provisions and as shown in the Final Report attached hereto as Exhibit A. The Debtor asks for approval of their Final Report.

## MOTION FOR FINAL DECREE

As indicated above, the Debtor has substantially consummated the Plan as provided under § 1101(2). To the best of the Debtor's knowledge, all allowed administrative claims have been paid, and the final administrative expenses will be paid in conjunction with the approval of this motion or, in the case of compensation of counsel for the Debtor, arrangements will be made for payment. The Debtor does not anticipate any further administrative claims by creditors. All pending motions, contested matters, and adversary proceedings (there are none to Debtor's knowledge) have been resolved or will be resolved prior to or concurrently with a hearing on this Motion.

Article XVII of the Debtor's Plan, which states in pertinent part that the court retains jurisdiction, "to enter a final decree closing the bankruptcy case." These provisions serve to avoid the need to continue the administrative burden of quarterly reports and allow for the Debtor to close its case. The within Motion is filed in accordance with these provisions.

### *Conclusion*

**WHEREFORE,** Debtor respectfully seeks entry of an Order by this Court: (i) approving the Debtor's Final Report; (ii) granting the Debtor's Motion for entry of a Final Decree in this case, and closing the case, and (iii) for such further relief as the Court deems just and appropriate.

Date: January 5, 2026                                    Respectfully Submitted,


FROST LAW

By:     */s/ Daniel A. Staeven*
Daniel A. Staeven

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2026, a copy of the foregoing Motion was sent via CM/ECF to the notice parties below:

**25-10845 Notice will be electronically mailed to:**

Monique Desiree Almy malmy@crowell.com,
cbest@crowell.com,
malmy@ecf.axosfs.com,
monique-almy-7127@ecf.pacerpro.com

Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov

Katie Lane Chaverri kchaverri@tlclawfirm.com,
dtayman@tlclawfirm.com

Daniel Alan Staeven daniel.staeven@frosttaxlaw.com,
daniel.staeven@frosttaxlaw.com,
21029@notices.nextchapterbk.com,
margaret.johnson@frosttaxlaw.com,
amy.mckay@frosttaxlaw.com,
UStern@jubileebk.net,
margaret.johnson@frosttaxlaw.com

Bradley J. Swallow bswallow@fblaw.com,
bswallow@fblaw.com

US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV

I HEREBY CERTIFY that on January 5, 2026, A copy of the Motion was served via first class mail, postage prepaid to the creditors attached on the Court's mailing matrix:

 /s/ Daniel A. Staeven
Daniel A. Staeven

4